UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER BRYAN,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NY, ADEEL MIRZA, *et al.*,

                Defendants.

14-CV-8305 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Christopher Bryan[1] ("Plaintiff"), a.k.a. Tom Feelgood, brings this action *pro se* against "The People of the State of NY, Adeel Mirza, *et al.*" for alleged violations of his constitutional rights.[2] The People of the State of NY[3] and Adeel Mirza (collectively, "County Defendants") now move to dismiss Plaintiff's Complaint, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the County Defendants' motion is GRANTED.

## BACKGROUND

On January 31, 2014, Plaintiff was arrested in White Plains, New York, for recording court proceedings during a custody hearing involving his children. (Compl. at 1:17-21, ECF No. 1.) The Complaint makes no mention of the relevant charges brought against Plaintiff; Plaintiff's

---

[1] While Plaintiff filed this action under the name Christopher Bryan, he appears to have since changed his name. Plaintiff filed a copy of a Name Change Decree from the Connecticut Probate Court in this case on December 3, 2014 (effective November 25, 2014), indicating that he changed his name from Christopher Harry Sieber Bryan to Tom Feelgood. (*See* ECF No. 18.)

[2] It is not completely clear from the Complaint, but it appears that Plaintiff may also be attempting to allege claims against two other defendants, Kenneth Launzinger and Nicholas Piqueras. This issue is further discussed in Section I.C, *supra*, of the Discussion section of this Opinion.

[3] The Westchester County Attorney's Office set forth in its motion papers that it represents "The People of the State of NY" "solely to the extent that Plaintiff has actually intended to name the Westchester County District Attorney's Office" as a defendant. (Defs.' Mem. Law Supp. Mot. Dismiss at 1 n.2, ECF No. 27; Morra-Wynn Decl. at 1 n.2, ECF No. 25.)



opposition papers on the instant motion, however, suggest that he was charged with disorderly conduct and harassment, and convicted on March 6, 2015. (*See* Pl.'s Opp'n at 2, 4, ECF No. 31.) Plaintiff commenced this action on October 16, 2014, in part to challenge the validity of his arrest. (Compl. at 1:14.) He further alleges that he was deprived of rights "during subsequent court dates" when he was "refused the ability to record, represent [himself] under FARETTA v. CALIFORNIA [*sic*] . . . and denied in the interest of justice under 28 U.S.C. § 1404(A) the ability to move venue." (*Id*. at 1:22-24.)

## RELEVANT STANDARDS ON THE MOTION TO DISMISS

### I. Rule 8

Federal Rule of Civil Procedure 8(a)(2) provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original)); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). When a complaint does not meet this standard, the district court may dismiss the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

### II. Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is considered facially plausible when the court can "draw the reasonable inference that the

2

defendant is liable for the misconduct alleged" from the complaint's factual material. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. When making this assessment, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. 662). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

A *pro se* complaint should be "liberally construed," *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), since such a pleading is held "'to less stringent standards than formal pleadings drafted by lawyers,'" *Thomas v. Goord*, 215 F. App'x 51, 53 (2d Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). To survive a motion to dismiss, however, even a *pro se* plaintiff must still assert "factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

"[D]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend." *Pantoja v. Banco Popular*, 545 F. App'x 47, 49 (2d Cir. 2013). Nevertheless, the Court may dismiss a plaintiff's claims if they are substantively deficient and "[r]epleading would thus be futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff claims his rights were violated when he was falsely arrested and prohibited from recording court proceedings, transferring venue, and representing himself in court. Though

Plaintiff does not specify a statutory basis for his claims, the Court analyzes claims of this type under 42 U.S.C. § 1983.

Section 1983 does not confer rights, but rather provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 (1979). As such, a § 1983 claim must be predicated on a right "secured by the Constitution or laws of the United States." *Katz v. Klehammer*, 902 F.2d 204, 206 (2d Cir. 1990). In addition, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Finally, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).

**I.  Defendants**

It is not entirely clear from the Complaint against whom Plaintiff asserts his claims. Plaintiff names "The People of the State of NY, Adeel Mirza, *et al*." as defendants in the caption of the Complaint. (Compl. at 1:11.) However, in the body of the Complaint, Plaintiff states that he asserts claims against "the state of NY and arresting officers Kenneth Launzinger, Nicholas Piqueras." (Compl. 1:15-16.)

**A.  "The People of the State of NY"**

In the Complaint's caption, Plaintiff names "The People of the State of NY" as a defendant. "The People of the State of NY," however, is "not a cognizable entity" capable of being sued. *See Jackson v. People of State of N. Y.*, No. 89 CV 2333 (TCP), 1990 WL 21092, at *1 (E.D.N.Y. 1990) (interpreting "The People of the State of New York" to mean either The State of New York or the relevant District Attorney's Office). When the party status of an entity is ambiguous, the Court should look to the plaintiff's intent. *See EEOC v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001).

Here, the body of Plaintiff's complaint specifies that his claims are alleged "against the state of NY." (Compl. at 1:15.) Thus, Plaintiff may have intended to name the State of New York itself as a defendant. The State of New York is immune to § 1983 claims under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). Consequently, Plaintiff's § 1983 claims against the State of New York are dismissed with prejudice.

Plaintiff may also have intended to name the Westchester County District Attorney's Office (the "DA's Office"), since it was presumably the DA's Office who prosecuted him in the underlying criminal matter. New York district attorneys' offices are considered non-suable entities because "the office of the district attorney is not a legal entity distinct from the district attorney himself." *Sash v. City of New York*, No. 05 CIV.1544 (DAB) (JCF), 2006 WL 2474874, at *4 (S.D.N.Y. Aug. 11, 2006); *Michels v. Greenwood Lake Police Dep't,* 387 F. Supp. 2d 361, 367 (S.D.N.Y. 2005) (finding district attorney's office to be non-suable entity); *Steed v. Delohery,* No. 96 CIV. 2449 (RPP), 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998) (same). Even if the DA's Office could be sued, such claims would be barred by the Eleventh Amendment. District attorneys' offices enjoy the State's sovereign immunity because New York district attorneys "acting in a quasi-judicial capacity, represent[] the State not the county," *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir. 1988), and the office "does not have a legal existence separate from the District Attorney himself," *Gonzalez v. City of New York*, No. 98 CIV. 6081 (MBM), 1999 WL 549016, at *1 (S.D.N.Y. July 28, 1999). Plaintiff's claims against the DA's Office are accordingly dismissed with prejudice.

B. *Defendant Mirza*

Adeel Mirza ("Mirza") is an Assistant District Attorney for the Westchester County District Attorney's Office. (Defs.' Mem. Law Supp. Mot. Dismiss [hereinafter, "Defs.' Mem."] at 3, ECF No. 27.) Mirza is named solely in the caption, and Plaintiff makes no specific factual allegations as to Mirza in the Complaint. Because Plaintiff fails to allege the requisite personal involvement on the part of Mirza, the § 1983 claims against Mirza must be dismissed. *See Crichlow v. Fischer*, No. 12-CV-7774 (NSR), 2015 WL 678725, at *6 (S.D.N.Y. Feb. 17, 2015).

Further, as an Assistant District Attorney for the Westchester County District Attorney's Office, Mirza is immune to § 1983 claims against him in his official capacity. When prosecuting a criminal matter, New York prosecutors act on behalf of the state. *See Baez,* 853 F.2d at 77. "[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal citations omitted). Mirza also has absolute prosecutorial immunity as to any claims regarding those of his activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). For these reasons, Plaintiff's § 1983 claims against Mirza in his official capacity are dismissed with prejudice.

C. *Defendants Launzinger and Piqueras*

Kenneth Launzinger ("Launzinger") is a Court Officer Lieutenant employed by the New York State Unified Court System. (Defs.' Mem. at 1 n.3). Nicholas Piqueras ("Piqueras") is a Westchester County Police Officer. (*Id.*)

Neither Launzinger nor Piqueras are named in the caption, contrary to Rule 10(a), which dictates that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).

However, the caption alone "is not normally determinative of the identity of the parties." *Prisco v. State of N.Y.,* 804 F. Supp. 518, 521 (S.D.N.Y. 1992). "The caption, pleadings, service of process and other indications of the intent of the pleader" may all be considered in assessing who is a proper party to the action. *Ironworkers*, 139 F. Supp. 2d at 525 (quoting *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.NY. 1995)).

The Plaintiff's use of "*et al.*" in the title of the complaint suggests he intended to sue at least some entities other than those directly named therein. *See Ocasio v. Riverbay Corp.*, No. 06 CIV. 6455 (PAC) (KNF), 2007 WL 1771770, at *7 (S.D.N.Y. 2007). The body of the complaint expresses Plaintiff's intent to bring claims against Launzinger and Piqueras. (*See* Compl. at 1:15-16.) Therefore, in deciding the instant motion, the Court analyzes below any claims that Plaintiff appears to assert against Launzinger and Piqueras as well. The Court notes, however, that there has been no summons issued for either Launzinger or Piqueras, and thus neither has been properly served in accordance with Rule 4.

Plaintiff appears to assert a false arrest claim against Launzinger and Piqueras, but it is impossible to tell from the Complaint if Plaintiff asserts other claims against them as well. This vagueness, combined with Plaintiff's failure to serve either individual, deprives defendants of fair notice as to the substance of Plaintiff's claims. All claims other than those discussed in section II, *infra*, are dismissed as against Launzinger and Piqueras pursuant to Rule 8.

## II. Claims

The Court liberally construes Plaintiff's Complaint and finds that Plaintiff appears to assert claims arising under § 1983 for false arrest, denial of an alleged right to record court proceedings, denial of a change of venue, and denial of Plaintiff's right to self-representation.

### A. *False Arrest*

"A § 1983 claim for false arrest . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, a plaintiff alleging a false arrest claim must show that the defendant "intentionally confined him without his consent and without justification." *Id*.

Plaintiff appears to assert claims against Launzinger and Piqueras for false arrest because he identifies them as the "arresting officers" and states that he is "making a claim of FALSE ARREST [*sic*] . . . ."  (Compl. at 1:14-16.) As currently pled, however, the Complaint contains insufficient factual allegations to establish the elements of a false arrest claim under § 1983. Specifically, Plaintiff fails to allege that his confinement was without justification.

Plaintiff suggests that he has a right to record any conversation to which he is a party under 18 U.S.C. § 2511(2)(d), a provision of the Wiretap Act, and thus an inference could be made that Plaintiff is asserting that this "right" renders his arrest without justification. Section 2511(2)(d) provides, in pertinent part: "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . ." 18 U.S.C. § 2511(2)(d). This provision establishes only that conduct such as Plaintiff's will not be considered a Wiretap Act violation. In all other legal contexts, this provision is inapplicable.

The court should interpret a *pro se* plaintiff's complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). The court, however, may not read in "claims that are not consistent with the pro se litigant's allegations . . . , or arguments that the submissions themselves do not suggest." *Id.* at 477 (citations and internal quotation marks omitted). Without additional factual material to

8

support a valid argument, the Court cannot infer that Launzinger and Piqueras may be liable for false arrest. Therefore, Plaintiff's false arrest claim against Launzinger and Piqueras is dismissed.

It is unclear if Plaintiff intends to sue other entities on this claim. If that is the case, Plaintiff fails to allege the requisite personal involvement of any defendants other than Launzinger and Piqueras. *See McKinnon*, 568 F.2d at 934 ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Any such claims, to the extent Plaintiff is attempting to allege any, are therefore dismissed.

### B. Denial of Ability to Record Court Proceedings

As discussed above, Plaintiff mistakenly interprets 18 U.S.C. § 2511(2)(d) to confer an absolute right to record conversations to which he is a party in any scenario. (*See* Compl. at 2:2-6.) Because § 1983 does not confer rights, but rather provides "a method for vindicating federal rights elsewhere conferred," *Baker,* 443 U.S. at 144 n.3, a § 1983 claim must be predicated on a right "secured by the Constitution or laws of the United States," *Katz*, 902 F.2d at 206. Plaintiff has not alleged that he was deprived of a right secured by the Constitution or federal law by being prohibited from recording court proceedings, and his is not a cognizable § 1983 claim. Plaintiff's claim that he suffered a violation of his constitutional rights based on his inability to record court proceedings is therefore dismissed with prejudice for failure to state a claim upon which relief can be granted.

### C. Denial of Change of Venue

Plaintiff alleges he was deprived of his constitutional rights when he was denied a venue transfer. He does not, however, specify the relevant venue, action, court, or any other factual

details necessary for the Court to assess the plausibility of his claim. Plaintiff cites to 28 U.S.C. § 1404(a) as the statutory basis for his claim. Under § 1404(a), "a district court *may* transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a) (emphasis added). By its own language, § 1404(a) applies to federal district courts, not state courts, and it only applies to civil actions.

Plaintiff's papers opposing the instant motion include what appears to be a portion of a court transcript that suggests Plaintiff may have requested a change of venue in his criminal case. (Pl.'s Opp'n at 3.) But this information is nowhere to be found in the Complaint, and this short excerpt does not set forth any factual allegations that would provide the grounds for such a claim. *Cf. Twombly*, 550 U.S. at 553 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Thus, Plaintiff's claim must be dismissed.

### D. Denial of Right to Self-Representation

The Sixth Amendment protects the right to self-representation in criminal trials. *Faretta v. California*, 422 U.S. 806, 836 (1975). This right may serve as a basis for a § 1983 claim, but Plaintiff does not include sufficient factual allegations to show he was deprived of this right. Plaintiff fails to specify in which court this denial of self-representation allegedly occurred, or the identity of the alleged violator. This complete lack of factual material prevents the Court from finding, or even reasonably inferring, that the defendant (whichever entity it may be) is liable for misconduct. While the Court should interpret the Complaint to raise the strongest arguments it suggests, *Triestman*, 470 F.3d at 474, here Plaintiff does not raise *any* argument beyond a conclusory assertion that he was denied the right to represent himself. "While the

pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The claim is therefore dismissed.

### E. State Law Claims

"[I]n a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis omitted). Plaintiff has not alleged compliance with New York's notice-of-claim statute. Further, Defendants contend that Plaintiff did not serve Westchester County with a notice of claim within ninety days after the claim arose, as required by N.Y. General Municipal Law § 50-e. (*See* Defs.' Mem. at 19.) As a result, any pendent state law claims alleged by Plaintiff are dismissed.

## CONCLUSION

For the foregoing reasons, County Defendants' motion to dismiss the Complaint is GRANTED.

Plaintiff's claims against "the People of the State of NY" and his claims against Adeel Mirza in his official capacity are dismissed with prejudice. In addition, Plaintiff's claims based on his purported inability to record court proceedings are also dismissed with prejudice for failure to state a claim.

Generally, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Because Plaintiff is acting *pro se* and some of his claims are dismissed pursuant to Rule 8 for pleading deficiencies rather than under Rule 12(b)(6) for substantive deficiencies, Plaintiff is therefore granted leave to file an amended complaint; however, Plaintiff should not attempt to re-plead the claims that have been dismissed with prejudice in this Opinion & Order due to substantive deficiencies.

Plaintiff shall have thirty days from the date of this Order to amend the Complaint as to those claims that are dismissed without prejudice. If Plaintiff elects to file an amended complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond. If Plaintiff does not file an amended complaint within thirty days, the case will be deemed closed.

The Court respectfully directs the Clerk to terminate the motion at Docket No. 23.

Dated: July 13, 2015
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge